UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA STOVER,<br><br>                              Plaintiff,<br><br>v.<br><br>MCDONALD'S RESTAURANT,<br><br>                              Defendant. | Civ. No. 13-01252 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Andrea Stover, appearing pro se, brings this action alleging that Defendant Celeste Quintana, doing business as McDonald's (hereinafter "McDonald's"), violated Stover's civil rights by denying Stover access to the bathrooms of a McDonald's restaurant.

In her complaint, Stover alleges that on February 14, 2013, she entered a McDonald's restaurant in Newark to purchase a meal. First, however, she attempted to use the restaurant's bathroom. Stover alleges that a guard standing near the entrance to the bathroom told her that she needed to purchase something first, pursuant to company policy. Stover explained that she needed to use the bathroom immediately and did not want to leave food unattended, but the guard was adamant.

Two weeks later, Stover filed this lawsuit alleging that McDonald's discriminated against her and violated her civil rights in its enforcement of its customers-only restroom policy. She brings this suit under the Civil Rights Act of 1964, and in subsequent briefing, she has invoked the Equal Protection Clause of the United States Constitution. She seeks an award of 50 million dollars in compensatory damages and 75 million dollars in punitive damages, and further demands that the Court treble her awards.

McDonald's has moved to dismiss Stover's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Stover's complaint fails to state a claim because she not allege that she is a member of protected class, or that she faced discrimination as a result of such class membership. It further argues

1

that these defects make it impossible for Stover to establish a violation of any title of the Civil Rights Act.

For the reasons set forth below, the Defendant's motion to dismiss is granted. Stover has not adequately pleaded a potential violation of any title of the Civil Rights Act. This motion is decided without oral argument. *See* Fed. R. Civ. P. 78(b).

**LEGAL STANDARDS AND DISCUSSION**

A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For purposes of a motion to dismiss, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by subsequent Supreme Court case law). Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This entails "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678. Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

B. The Civil Rights Act

Stover's complaint alleges violations "under the 1964 Civil Rights Act." Her letter in opposition to the motion to dismiss clarifies that she is relying on Title VII of the Civil Rights Act, and the Equal Protection Clause of the Constitution. Finally, Stover's letter responding to the defendant's reply brief states that she is relying on Title XI of the Civil Rights Act. Given the breadth of

2

Stover's pleading, the Court has reviewed the Civil Rights Act, and has determined that her allegations do not make out a plausible violation of any Title of that Act.

Title II of the Civil Rights Act of 1964 Act is the only Title that even appears to approach the subject matter of Stover's allegations. It outlaws discrimination and segregation on the basis of race, color, religion, or national original in places of public accommodation. *Id.* at § 2000a. This title encompasses "any restaurant."

The remaining Titles have nothing to do with private restaurants or any other issue plausibly raised by the Complaint.

Title I, for example, safeguards voting rights, and is not applicable to this lawsuit. *See* 42 USCS § 1971.

Title III of the Act prohibits discrimination based on race, color, religion, or national origin affecting any person's access to public facilities owned, operated, or managed by or on behalf of any state or local government. *Id.* at § 2000b. As Plaintiff does not allege that McDonald's is a government or state actor, this Title is inapplicable here.

Title IV of the Act pertains to desegregation of public schools. *Id.* at § 2000c et seq. As such, it does not apply to this lawsuit, either.

Title V of the Act pertains to the Commission on Civil Rights' procedures and does not apply to this lawsuit. *Id.* at § 1975a et seq.

Title VI of the Act provides that no person may be denied federal benefits or subjected to any discrimination in the administration of such benefits on the basis of race, color, or national origin. *Id.* at § 2000d et seq. As Plaintiff does not make any allegation related to a federal assistance program, this Title cannot be applicable, either.

Title VII of the Act prohibits, among other things, discrimination based on race, color, religion, sex, or national origin in any employer's hiring, as well as segregation and discrimination in the workplace. *Id.* at § 2000e et seq. As Plaintiff does not allege that she was employed by McDonald's, this Title is also irrelevant to this lawsuit.

Title VIII of the Act authorizes a survey relating to voter registration, and is irrelevant here. *Id.* at § 2000f.

Title IX amends Title 28 of the United States Code in regards to appellate review of orders remanding civil rights cases to state court, *see* 28 USCS § 1447(d), and to the Attorney General's right to intervene in certain civil rights cases, *see* 42 USCS § 2000h-2. As such, it is irrelevant to this lawsuit.

Title X establishes a Community Relations Service for dispute resolution and provides services for those suffering from discriminatory practices, and is also irrelevant to this lawsuit. *See* 42 USCS § 2000g-1.

Finally, Title XI sets forth miscellaneous provisions related, among other things, to the right of a person accused of violating the Act to receive a trial by jury. *See* 42 USCS § 2000h. This, too, is inapplicable here.

C. Analysis

Title II, prohibiting discrimination on the basis of race, color, religion, or national origin in places of public accommodation, *id.* at § 2000a, is the only portion of the Act that is even potentially applicable. Title II prohibits McDonald's, as a place of public accommodation, *see id.*, from segregating or restricting access to its bathrooms on the basis of race, color, religion, or national origin. *Id.* at § 2000a(b).

Stover does not allege in her complaint, or contend in any of her papers, that she was turned away from the restaurant bathroom on account of her race, color, religion, or national origin. Rather, she describes the restaurant's inflexible application of its policy confining rest room use to paying customers. The facts as pleaded in Stover's complaint do not make it facially plausible—or even remotely possible—that McDonald's acts, as described, violated Title II, or any Title, of the Civil Rights Act of 1964. She has not articulated any factual basis for potential relief under the law. *See Iqbal*, 556 U.S. at 678-679.

In a similar way, Stover's claim (raised informally by letter) that McDonald's violated the Equal Protection Clause of the Fourteenth Amendment also fails. To plead such a claim, a plaintiff must allege that she was part of a "protected class" and that a state actor treated her differently from similarly situated persons outside that protected class. *Bell v. Sandy*, 2013 U.S. Dist. LEXIS 113006, *11-12 (D.N.J. Aug. 12, 2013) (dismissing equal protection claim because plaintiff failed to allege membership in a protected class or disparate treatment); *see also Oliveira v. Twp. of Irvington*, 41 Fed. Appx. 555, 559 (3d Cir. 2002). Here, Stover's complaint contains no allegation that she was excluded because of her membership in any class. Moreover, Stover does not allege that McDonald's is a state actor, or that McDonald's treated other people differently in the same situation. Any claim of an equal protection violation, even if it had been explicitly alleged in the complaint, would also have to be dismissed.[1]

---

[1] In her opposition letter, Stover cites the "ADA 2010 Regulations for public rest rooms." I see no plausible basis for a claim that McDonald's violated the Americans with Disabilities Act, *e.g.*, 42 U.S.C. § 12182(a), or its implementing regulations, 28 C.F.R. § 36.101 *et seq.* Stover does not allege that she has any disability or that the restaurant discriminated against her on that basis. Such claims are not, at any rate, properly before the Court.

4

To be sure, if the allegations of the complaint are true, McDonald's could have been kinder. But the allegations of the complaint do not raise even the possibility that the restaurant's enforcement of its rest room policy constituted a violation of Stover's civil rights. Pursuant to Fed. R. Civ. P. 12(b)6), Stover's complaint must be dismissed because it contains no allegation that McDonald's, a private entity, treated Stover differently from its other customers on the basis of her race, religion, national origin, or status in any protected class.

## CONCLUSION

For the reasons stated above, the motion is **GRANTED**, and the Complaint is **DISMISSED**. An appropriate order follows.

/s/ Kevin McNulty
KEVIN MCNULTY
United States District Judge

Date: September 11, 2013